## COMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT DEPARTMENT

COLIN BOWER, on his own behalf and on behalf of his minor children, N and R,

      Plaintiff,

v.

MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES,

      Defendants.

CIVIL ACTION NO: 10-2781

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

MAR - 9 2010

*Thomas A. Driscoll Jr.*
CLERK

## NOTICE OF FILING NOTICE OF REMOVAL

| To: | |
|---|---|
| Essex Superior Court<br>Civil Clerk's Office<br>34 Federal St.<br>Salem 01970 | Barry S. Pollack<br>Joshua L. Solomon<br>SULLIVAN & WORCESTER LLP<br>One Post Office Square<br>Boston, MA 02109<br>(617) 338-2800 (ph)<br>(617) 338-2880 (fax) |
| Howard M. Cooper<br>Carla A. Salvucci<br>TODD & WELD LLP<br>28 State Street<br>Boston, MA 02109<br>(617) 720-2626 (ph)<br>(617) 227-5777 (fax) | |

Defendant EGYPTAIR AIRLINES COMPANY, incorrectly sued herein as EGYPTAIR

AIRLINES (hereafter "EGYPTAIR"), has this day filed a Notice of Removal of the above-

captioned civil matter from Essex Superior Court, Essex County, Commonwealth of

Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to

28 U.S.C. § 1332, containing a statement of facts which entitles it to remove the case to the

United States District Court for the District of Massachusetts.  Certified copies of all records,

proceedings and docket entries in the Superior Court shall be filed with District Court pursuant

to United States District Court Rule 81.1.

A copy of the Notice of Removal (without attachments) is attached hereto as Exhibit A.

You are respectively advised that pursuant to 28 U.S.C. § 1446(d), the Suffolk Superior Court,

Suffolk County, Commonwealth of Massachusetts, shall proceed no further in this action unless

and until the action is remanded.

Dated:  March 8, 2010

Respectfully submitted,


Brian Voke (BBO# 544327)
Shalissa M. Dougherty (BBO# 670478)
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza
Third Floor
Boston, MA 02129
(617) 241-3000 (ph)
(617) 241-5115 (fax)
sdougherty@campbell-trial-lawyers.com
-and-

Christopher Carlsen
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900 (ph)
(212) 710-3950 (fax)
Attorneys for Defendant
EGYPTAIR AIRLINES COMPANY, incorrectly
named as EGYPT AIR AIRLINES

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2010-00278
## Bower on his behalf & his minor children N and R v Bower et al

| | | | |
|---|---|---|---|
| **File Date** | 02/05/2010 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/19/2010 | **Session** | C - Civil-CtRm 1 (Lawrence) |
| **Origin** | 1 - Complaint | **Case Type** | B99 - Misc tort |
| **Track** | F - Fast track | **Lead Case** | |
| | | **Jury Trial** | Unknown |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 06/05/2010 | 06/05/2010 | 12/02/2010 | 01/01/2011 | | |
| **Filed By** | 05/06/2010 | 06/05/2010 | 07/05/2010 | 07/05/2010 | | 01/31/2011 | | 11/27/2011 |
| **Heard By** | | | 08/04/2010 | 08/04/2010 | | | 05/31/2011 | |

### PARTIES

**Plaintiff**
Colin  Bower on his behalf & his minor children N and R
on his behalf & his minor children N and R
Active 02/05/2010

**Private Counsel 642064**
Barry S Pollack
Sullivan & Worcester
1 Post Office Square
Boston, MA 02109
Phone: 617-338-2800
Fax: 617-338-2880
Active 02/05/2010 Notify

**Defendant**
Mirvat El Nady  Bower
Service pending 02/05/2010

**Defendant**
Egyptian Airlines
Service pending 02/05/2010

A TRUE COPY, ATTEST 3/19/20

DEPUTY ASST CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/05/2010 | 1.0 | Complaint & civil action cover sheet filed |
| 02/05/2010 | | Origin 1, Type B99, Track F. |
| 02/05/2010 | 2.0 | Plaintiff Colin Bower on his behalf & his minor children, N and R's |
| | | MOTION for appointment of special process server Beacon Hill Research |
| | | Inc at 2 Park Plaza, Suite 409, Boston, MA 02116 |
| 02/05/2010 | | Motion (P#2) ALLOWED (Robert A. Cornetta, Justice) Notices mailed |
| | | 2/5/2010 |
| 03/19/2010 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# ESCV2010-00278
## Bower on his behalf & his minor children N and R v Bower et al

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/12/2010 | Civil-CtRm 1 (Lawrence) | Status: Clerk Follow UP service | |

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY: ___ESSEX___ | DOCKET NO. 10-278 |
|---|---|---|

| **PLAINTIFF(S)**<br>COLIN BOWER, on his own behalf and on behalf of his minor children, N. and R., | **DEFENDANT(S)**<br>MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES, |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Barry S. Pollack, Sullivan & Worcester LLP<br>One Post Office Square, Boston, MA 02109<br>(617) 338-2800 | ATTORNEY (IF KNOWN) |
| BBO#     642064 | |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
   (Before trial)                    (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)   (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/
   Order (Mass.R.Civ.P. 60)                    (X)
[ ] 6. E10 Summary Process Appeal                    (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Other (See attached.) | F | (Yes) / No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
**(Attach additional sheets as necessary)**

A.  Documented medical expenses to date:
    1.  Total hospital expenses                        $
    2.  Total Doctor expenses                        $
    3.  Total chiropractic expenses                   $
    4.  Total physical therapy expenses              $
    5.  Total other expenses (describe)             $
                              Subtotal  $
B.  Documented lost wages and compensation to date    $
C.  Documented property damages to date         $
D.  Reasonably anticipated future medical and hospital expenses  $
E.  Reasonably anticipated lost wages          $
F.  Other documented items of damages (describe)    $

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
    To be determined at trial, but in excess of $25,000.00.

Total $

*F I L E D*
*IN THE SUPERIOR COURT*
*FOR THE COUNTY OF ESSEX*

*FEB 5 2010*

*CLERK*

**CONTRACT CLAIMS**
**(Attach additional sheets as necessary)**
Provide a detailed description of claim(s):

*A TRUE COPY, ATTEST*
*DEPUTY ASST. CLERK*

TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 2/5/2010
A.O.S.C. 3-2007

**TYPE OF ACTION (OTHER):**

**COUNT ONE**

**(Interference with Bower's Custodial Relations Claim Against Both Defendants)**

**COUNT TWO**

**(Negligence Claim Against Egyptair by Bower, N and R)**

**COUNT THREE**

**(False Imprisonment Claim against El-Nady by N and R)**

**COUNT FOUR**

**(Negligent Infliction of Emotional Distress Claim Against Both Defendants)**

**COUNT FIVE**

**(Intentional Infliction of Emotional Distress Claim Against El-Nady)**

**COUNT SIX**

**(Loss of Filial Consortium Claim by Bower Against Both Defendants)**

**Commonwealth of Massachusetts**
**County of Essex**
**The Superior Court**

CIVIL DOCKET # ESCV2010-00278-C
**Courtroom CtRm 1 (Lawrence)**

RE: **Bower on his behalf & his minor children, N and R v Bower et al**
TO:

        Barry S Pollack, Esquire
        Sullivan & Worcester
        1 Post Office Square
        Boston, MA 02109

### SCHEDULING ORDER FOR  F  TRACK

    You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **11/27/2011.**

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | **SERVED BY** | **FILED BY** | **HEARD BY** |
| Service of process made and return filed with the Court | 05/06/2010 | 05/06/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 06/05/2010 | |
| All motions under MRCP 12, 19, and 20 | 06/05/2010 | 07/05/2010 | 08/04/2010 |
| All motions under MRCP 15 | 06/05/2010 | 07/05/2010 | 08/04/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 12/02/2010 | | |
| All motions under MRCP 56 | 01/01/2011 | 01/31/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/31/2011 |
| Case shall be resolved and judgment shall issue by **11/27/2011** | | | **11/27/2011** |

- **The final pre-trial deadline is <u>not the scheduled date of the conference</u>.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 02/05/2010

Telephone: (978) 687-7463

Thomas H. Driscoll Jr.
Clerk of the Court

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET # **ESCV2010-00278-C**
**Courtroom CtRm 1 (Lawrence)**

RE:  **Bower on his behalf & his minor children, N and R v Bower et al**
TO:

        Barry S Pollack, Esquire
        Sullivan & Worcester
        1 Post Office Square
        Boston, MA 02109

## SCHEDULING ORDER FOR F TRACK

    You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **11/27/2011**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 05/06/2010 | 05/06/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 06/05/2010 | |
| All motions under MRCP 12, 19, and 20 | 06/05/2010 | 07/05/2010 | 08/04/2010 |
| All motions under MRCP 15 | 06/05/2010 | 07/05/2010 | 08/04/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 12/02/2010 | | |
| All motions under MRCP 56 | 01/01/2011 | 01/31/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/31/2011 |
| Case shall be resolved and judgment shall issue by **11/27/2011** | | | 11/27/2011 |

- •   **The final pre-trial deadline is <u>not the scheduled date of the conference</u>.**
- •   **You will be notified of that date at a later time.**
- •   **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 02/05/2010

                                       Thomas H. Driscoll Jr.
                                       Clerk of the Court

Telephone: (978) 687-7463

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

1

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT

10-278

_____
                                    )
COLIN BOWER, on his own behalf and on )
behalf of his minor children, N and R, )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )        CIVIL ACTION NO.
                                    )
MIRVAT EL-NADY BOWER and            )
EGYPTAIR AIRLINES,                  )
                                    )
        Defendants.                 )
_____)

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

FEB  5 2010

_____
CLERK

## **COMPLAINT**

As and for his complaint against Defendants Mirvat El-Nady Bower, a/k/a Mirvat

Safwatelnady Abdelmoneh ("El-Nady") and Egyptair Airlines ("Egyptair"), Plaintiff Colin

Bower ("Bower"), on his own behalf and on behalf of his minor children N and R, alleges the

following:

### **Preliminary Statement**

1.      On or about August 11, 2009, El-Nady abducted Bower's young minor children,

N and R, taking them away from their Massachusetts home to Egypt, facilitating their unlawful

travel though Egyptair.  Bower has not seen N and R or spoken to them since.  Pursuant to a

Massachusetts Probate and Family Court ("Family Court") order, Bower had sole legal custody

over N and R at the time of the abduction, and possesses sole legal and physical custody over

them.  El-Nady exceeded any limited physical access rights to N and R by taking them out of the

country.  During the children's visit with El-Nady at her Massachusetts home, she illegally fled

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

the state and the country with the children, brought them to Egypt, and has kept them away from their Massachusetts home ever since.

2.      Egyptair knowingly participated in this unlawful abduction by arranging and facilitating travel out of the country for El-Nady, N, and R, notwithstanding red flags reflecting wrongdoing and the fact that Bower, as the children's parent who possessed superior parental rights and sole legal custody rights, never consented to the travel.

3.      Such international parental kidnappings have reached significant proportions. Destination countries like Egypt, which are not signatories to the Hague Convention on the Civil Aspects of International Child Abduction, pose particular risks that abducted children cannot be recovered.

4.      In this case, Egyptair not only failed to impose reasonable safeguards against parental kidnapping, but ignored obvious flags that should have led it to refuse to provide the transportation that permitted El-Nady to kidnap Bower's children to Egypt.  These flags included: the sale of expensive premium seats at the Egyptair airport counter just prior to the flight; no father present with the children; the surname on the children's passports did not match that of El-Nady, who was the only adult traveling with them; the children's passports were issued by a different country than that which issued the passport that El-Nady used; and El-Nady presented Egyptian passports for the children, at a United States airport, without any entry visas reflecting the children's arrival.

5.      Compounding its role in improperly facilitating the abduction, Egyptair has refused to provide any cooperation to Bower, notwithstanding his requests for help, in the course of his efforts to locate and recover his children.

## Parties

6.      Bower is a citizen of and has at all relevant times maintained his regular domicile in the Commonwealth of Massachusetts.  He is the father of two children, N and R.  At the time of the abduction, N and R were, respectively, 8 years and 6 years of age.  N and R are United States citizens who resided (prior to their abduction) with their father in Massachusetts, until El-Nady abducted them on or about August 11, 2009.  Bower is divorced from El-Nady, the mother of N and R.  Under valid and enforceable orders of the Family Court, Bower is entitled to sole custody of N and R.  At the time of the abduction, Bower possessed superior parental rights and sole legal custody of the children.  Since the abduction, the Family Court has reaffirmed its award to Bower of sole legal custody and granted him sole physical custody.  Bower qualifies to serve as the legal representative of N and R for purposes of this action.

7.      El-Nady is a fugitive from state and federal criminal charges, since she fled from her Massachusetts domicile on or about August 11, 2009.  At the time of the abduction, El-Nady maintained her domicile in Massachusetts.  Prior to their divorce, Bower and El-Nady lived in Massachusetts along with the children, N and R.  El-Nady has been charged with state and federal criminal charges arising from the abduction and her unlawful flight to avoid prosecution.  A federal criminal kidnapping case against El-Nady remains pending against her in the United States District Court for the District of Massachusetts.  The Family Court has adjudged El-Nady in contempt as a result of her abduction of N and R.  At the time of the abduction, El-Nady did not possess the right to travel outside of the United States with the children.  At the time of the abduction, El-Nady did not possess the legal right to consent to international travel by N and R, and she did not have the power to enter into contracts for international travel by N and R.

8.     On information and belief, Egyptair is a corporation formed under the laws of Egypt, systematically and continuously doing business throughout the United States, and in Massachusetts and with Massachusetts residents. Among other things, Egyptair maintains an interactive, commercial website from which Massachusetts residents can purchase and, upon information and belief, repeatedly have purchased, flights from Egyptair. Travel agents located in Massachusetts are able to purchase and, upon information and belief, repeatedly have purchased, airline travel from Egyptair for Massachusetts residents. In addition, Egyptair is a member of, and promotes through its website its membership in, the Star Alliance network. Star Alliance is a network of airlines that describes itself as offering customers "worldwide reach," a concept that Egyptair promotes through its website accessible in Massachusetts. Consistent with this concept of global reach, the Star Alliance website allows passengers to search for and identify flights for travel between Boston's Logan International Airport and Cairo International Airport and directs such passengers to Egyptair for such flights. Upon information and belief, Egyptair has a significant base of clients in Massachusetts who book or engage in travel into and out of Logan Airport in Boston, using Egyptair for portions of their trips.

### Jurisdiction and Venue

9.     This Court has jurisdiction over this action pursuant to G.L. c. 212, § 4 and c. 223A, §§ 2, 3.

10.     This Court has venue over this action pursuant to G.L. c. 223, § 8. Bower lives in Essex County and so would N and R but for the abduction.

### Factual Allegations

11.    On or about August 11, 2009, during a multi-day visitation with N and R, El-Nady abducted and wrongfully removed them from Massachusetts and the United States to Egypt in violation of Bower's superior parental rights, without his knowledge or consent. From her home in Massachusetts, El-Nady planned this abduction for at least one week prior to carrying it out without Bower's knowledge or consent.

12.    Following the abduction, El-Nady transmitted a message to Bower through a family member threatening him that he would never see or speak to his children again if he contacted the police to report the kidnapping.

13.    Egyptair facilitated the travel through which El-Nady abducted N and R from the United States. Neither of the defendants possessed legal authority or rights to transport N and R outside of the United States without giving prior notice to Bower and without receiving his informed consent. In transporting N and R out of the country without Bower's consent and contrary to his parental rights, Egyptair violated legal duties and failed to comply with industry standards and practices among international carriers

14.    When it arranged the travel at issue, Egyptair knew that N and R were, respectively, 8 years of age and 6 years of age, and that their father would not be accompanying them. Nevertheless, Egyptair transported N and R, and thus facilitated El-Nady's abduction of them, to Egypt.

15.    Egyptair also failed to use any reasonable pre-embarkation safeguards to protect against the use of its services by a customer to abduct children. In doing so, it ignored significant flags that should have put it on notice of a potential child abduction.

16.     Upon information and belief, El-Nady purchased the seats from Egyptair with little or no advance notice, and paid thousands of dollars in cash for the premium-seat tickets at the Egyptair airport counter.

17.     Upon information and belief, the surnames on the passports that El-Nady used for N and R, and which she presented to Egyptair prior to boarding the flight, did not match her surname on the passport that she presented for herself.  In addition, upon information and belief, El-Nady's citizenship as listed on her passport was different from the citizenships of N and R as listed on the passports that she presented to Egyptair for them.

18.     Upon information and belief, El-Nady used and presented to Egyptair Egyptian passports for N and R, despite the fact that they are American citizens.  Upon information and belief, despite the fact that Egyptian passports were used for the children, those passports did not contain American entry visas.

19.     Egyptair knew or should have known of the particular risk of child abductions to Egypt because of the difficulty in apprehending abductors in and recovering children kidnapped to Egypt.  The aviation community is and should be, as a general matter, acutely aware of the growing problems surrounding international child abduction.  On its website regarding travel matters, the Department of State has published and reported information for air carriers and others regarding, among other things, international parental child abduction and how the ease of international travel has contributed substantially to the growing problem of such abductions.  The Department of State has issued and posted a special flyer dated August 2000 regarding the problems of international child abductions to Egypt, which identified the lack of any treaties with Egypt that would facilitate the return of abducted children.  Under aviation industry standards

and practices, air carriers should have reviewed and followed advisories and announcements by the Department of State.

20. In addition, Egyptair knew or should have known of a high-profile international child abduction to Egypt from Connecticut that resulted in a well-publicized $27 million jury verdict and $38.3 million judgment against the air carrier that facilitated the abduction just a few years prior to the abduction of N and R.

21. For a substantial period of time prior to August 2009, dual parental consent forms existed for international travel by children not accompanied by both parents. Such forms were readily available to Egyptair. To protect children and absent parents from being the victims of international child abductions, certain air carriers used such forms prior to August 2009, at least for certain international travel in the absence of a court order or death certificate of a parent indicating a legal right for a single parent to consent alone to international travel by a minor child. Without imposing significant burdens, such dual parental consent forms can reasonably assure that both parents provide their signed consent, given under oath before a notary public, identifying the specific international travel by their minor child or children, by specific means, using only identified carriers on specific dates. Egyptair did not use dual parental consent forms for minors traveling with fewer than two parents, nor did Egyptair use any substitute safeguard.

22. The circumstances surrounding the pre-embarkation arrangements for the unlawful flight provided reasons for Egyptair to know that N and R were being transported out of the United States and to Egypt without the consent of their custodial father. Yet Egyptair failed to act on these circumstances and instead facilitated the travel arrangements necessary for El-Nady to abduct the children.

23.     On multiple occasions, Bower has attempted in writing to obtain assistance from Egyptair in his efforts to recover his children. Egyptair has ignored these attempts, refusing to respond at all to Bower and providing no assistance whatsoever, let alone information that could assist Bower in locating and recovering his children.

24.     On or about August 28, 2009, the Family Court adjudged El-Nady in contempt as a result of her abduction of N and R. On or about December 1, 2009, the United States brought criminal charges against El-Nady arising from her abduction of N and R. She remains a fugitive-at-large from these felony charges.

25.     Since the completion of the abduction, El-Nady has wrongfully retained N and R outside the United States. Bower has not seen or had any communication with his young children since August 9, 2009, when he left them with El-Nady for a visit with her. Bower has incurred significant expenses attempting to locate and recover his children.

26.     Egyptair facilitated the unlawful travel of minor children knowing that it lacked consent from their father, while remaining willfully blind to the international child abduction of N and R notwithstanding red flags reflecting the crime in progress.

**COUNT ONE**
**(Interference with Bower's Custodial Relations Claim Against Both Defendants)**

27.     The allegations contained in paragraphs 1 through 26 of this Complaint are realleged and incorporated by reference.

28.     At all relevant times through the present, Bower has enjoyed certain legal custody and parental rights, either exclusive or superior to all others, concerning his children N and R.

29.     Before N and R embarked on the unlawful flight, the defendants intentionally arranged and facilitated the transportation of N and R to places outside of the United States knowing, and having reasons to know, that they did not have consent for the removal of N and R

from the children's father. There was no lawful agreement on the part of the kidnapping victims, N and R, or Bower as their true legal custodian, for N and R to take the flight.

30.     By so doing, the defendants have interfered, and aided and abetted interference, with Bower's custodial relations with N and R. Each of the defendants knew of, remained willfully blind to, and/or egregiously refused to see the obvious unlawful activity, which had more than placed them on inquiry notice. Egyptair substantially facilitated and assisted the principal violation, namely, the unlawful abduction of N and R by El-Nady.

31.     Since disembarking from the flight, N and R have remained physically and continuously apart from Bower and their family home in Massachusetts. The deprivation of Bower's custodial relations and access to N and R has been substantial, continuous, and of a potentially permanent nature.

32.     As a direct, reasonably foreseeable, and proximate result of the defendants' wrongdoing, Bower has suffered costs of attempting to locate and recover his children, mental suffering, trauma and physical manifestations of emotional distress, and other recoverable damages. These losses and expenses should be imposed on the defendants.

### COUNT TWO
### (Negligence Claim Against Egyptair by Bower, N and R)

33.     The allegations contained in paragraphs 1 through 32 of this Complaint are realleged and incorporated by reference.

34.     As a result of agreeing to transport and facilitating the transportation of N and R, Egyptair owed legal duties to Bower, N and R to exercise reasonable care to protect N and R from, among other things, being wrongfully removed from the United States without the consent of their custodial father. As an international carrier transporting minors, Egyptair owed duties to them and to Bower, their non-passenger parent.

35.     Non-passenger parents are foreseeable victims of international child abductions to air carriers that fly internationally, particularly to Egypt. The foreseeability of the abductions at issue here was heightened by the specific circumstances surrounding El-Nady's purchase of tickets from and presentation of documents to Egyptair. By facilitating international travel for N and R without consent from their father, who did not accompany them, Egyptair breached the duties of care it owed to Bower. Its breaches in this regard constituted negligence.

36.     The negligence of Egyptair caused, in a direct, reasonably foreseeable, and proximate manner, Bower, N and R to experience significant trauma and personal injury, and to suffer significant economic and other damages for which Egyptair is liable.

## COUNT THREE
### (False Imprisonment Claim against El-Nady by N and R)

37.     The allegations contained in paragraphs 1 through 36 of this Complaint are realleged and incorporated by reference.

38.     On or about August 11, 2009, El-Nady knowingly and intentionally falsely imprisoned N and R, by abducting them without the consent of their custodial father. Since August 11, 2009, El-Nady has knowingly and intentionally falsely imprisoned N and R, in places unknown without the consent of their custodial father.

39.     As a direct, reasonably foreseeable, and proximate result of this false imprisonment of N and R in connection with the wrongful removal and retention of them, N and R have experienced significant trauma and suffered significant damages for which El-Nady is liable.

- 10 -

## COUNT FOUR
### (Negligent Infliction of Emotional Distress Claim Against Both Defendants)

40.     The allegations contained in paragraphs 1 through 39 of this Complaint are realleged and incorporated by reference.

41.     The wrongful activities of Egyptair, and the wrongful activities that it aided and abetted, were extreme and outrageous in this matter.  The international abduction of Bower's children was likely to cause, and foreseeably caused, Bower, N and R to suffer illness and injury, including significant trauma and emotional distress, with physical manifestations.

42.     Egyptair enabled the abduction by transporting N and R out of the country without obtaining consent from the children's father or otherwise implementing reasonable safeguards against international child abductions, despite substantial flags that should have alerted it to a problem.  In so doing Egyptair breached duties of care that it owed to Bower, N, and R.

43.     The wrongful retention of N and R outside of the United States constitutes a continuing wrong inflicted upon Bower, N, and R.  During the period since the abduction, Bower has remained present in the family home in the Commonwealth of Massachusetts, contemporaneously and continuously experiencing and observing the children's absence therefrom.

44.     As a direct, reasonably foreseeable, and proximate result of the negligent wrongdoing by the defendants, Bower suffered severe mental anguish and emotional distress.  The defendants are liable to Bower for these damages.

## COUNT FIVE
### (Intentional Infliction of Emotional Distress Claim Against El-Nady)

45.    The allegations contained in paragraphs 1 through 44 of this Complaint are realleged and incorporated by reference.

46.    El-Nady willfully and criminally abducted N and R from Bower's care and custody as their custodial father.

47.    El-Nady's knowing and intentional abduction of N and R were extreme and outrageous.  The international abduction of Bower's children, and the lengthy separation of their father from them, poses obvious emotional distress that foreseeably caused Bower, N and R to suffer severe mental anguish and emotional distress, with physical manifestations, for which El-Nady is liable.

## COUNT SIX
### (Loss of Filial Consortium Claim by Bower Against Both Defendants)

48.    The allegations contained in paragraphs 1 through 47 of this Complaint are realleged and incorporated by reference.

49.    The defendants' active participation in the abduction has resulted in an ongoing separation of Bower from N and R, in trauma and severe emotional distress suffered by them, and physical manifestations of this harm.

50.    Bower has suffered a loss of consortium as a result of the abduction, within the meaning of M.G.L. c. 231 §85X, for which the defendants are liable.

### PLAINTIFF DEMANDS A TRIAL BY JURY

### PRAYER FOR RELIEF

WHEREFORE, Bower, N, and R pray for the following relief:

1.    That judgment be entered in their favor on all counts of the Complaint;

2.   That the Court award to them compensatory and punitive damages, with pre-
     judgment and post-judgment interest, in the maximum amount allowed by law;

3.   That the Court award to them their attorneys' fees, costs, and expenses;

4.   That the Court award to them any and all further and other relief to which they
     may be entitled at law or in equity.

February 5, 2010

                                 Respectfully submitted,

                                 Colin Bower, N, and R,

                                 By their attorneys,

                                 _____
                                 Barry S. Pollack (BBO#642064)
                                 Joshua L. Solomon (BBO#657761)
                                 SULLIVAN & WORCESTER LLP
                                 One Post Office Square
                                 Boston, MA 02109
                                 (617) 338-2800 (phone)
                                 (617) 338-2880 (fax)

                                 Howard M. Cooper (BBO#543842)
                                 Carla A. Salvucci (BBO#657465)
                                 TODD & WELD LLP
                                 28 State Street
                                 Boston, MA 02109
                                 (617) 720-2626 (phone)
                                 (617) 227-5777 (fax)

2

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT

```
                                    )
COLIN BOWER, on his own behalf and on )        10-278
behalf of his minor children, N and R, )
                                    )
        Plaintiffs,                 )
                                   -)
v.                                  )        CIVIL ACTION NO.
                                    )
MIRVAT EL-NADY BOWER and            )        Feeley J., 2/5/2010
EGYPTAIR AIRLINES,                  )        Allowed
                                    )        Attest
        Defendants.                 )
                                    )
```

## MOTION FOR SPECIAL PROCESS SERVERS

Plaintiffs hereby move, pursuant to Mass. R. Civ. P. 4, for appointment of Keith Wheeler

and his agents at Beacon Hill Research, Inc. at 2 Park Plaza, Suite 409, Boston, MA 02116, and

Michael Keating and his agents at Keating & Walker, One Beekman Street, Suite 406, New

York, New York  10038 to serve the Complaint and such other process as it may be necessary to

serve in the above captioned matter.  Mr. Wheeler and his agents and Mr. Keating and his agents

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

FEB   5 2010

CLERK

are all over 18 years of age and  Beacon Hill Research and Keating & Walker are disinterested parties.

Dated:  February 5, 2010                          Respectfully submitted,

                                                  Colin Bower, N, and R,

                                                  By their attorneys,

                                                  _____
                                                  Barry S. Pollack (BBO#642064)
                                                  Joshua L. Solomon (BBO#657761)
                                                  SULLIVAN & WORCESTER LLP
                                                  One Post Office Square
                                                  Boston, MA 02109
                                                  (617) 338-2800 (phone)
                                                  (617) 338-2880 (fax)

                                                  Howard M. Cooper (BBO#543842)
                                                  Carla A. Salvucci (BBO#657465)
                                                  TODD & WELD LLP
                                                  28 State Street
                                                  Boston, MA 02109
                                                  (617) 720-2626 (phone)
                                                  (617) 227-5777 (fax)