UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R, <br><br> Plaintiff, <br><br> v. <br><br> MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES, <br><br> Defendants. | CIVIL ACTION NO. 1:10-cv-10405-NG |

**PLAINTIFF'S NOTICE OF RECEIPT OF LIMITED OPPOSITION TO
MOTION TO COMPEL RESPONSE TO SUBPOENA FROM MICHAEL TRAFT**

Plaintiff Colin Bower respectfully submits this notice of having received from non-party Michael Traft a limited opposition to Mr. Bower's motion to compel a response to a subpoena from Mr. Traft (the "Motion to Compel"), stating as follows:

1. On November 5, 2010, having received no response to the Motion to Compel, but knowing from meet-and-confer efforts of Mr. Traft's opposition to the relief sought, Mr. Bower's counsel contacted Mr. Traft to inquire as to any response. On Saturday, November 6, 2010, the day after the deadline for any oppositions to the Motion to Compel, Mr. Traft sent an email asserting that he opposes the Motion to Compel and suggesting that he intended to rely on his previously stated position with respect to the materials called for by the subpoena. Mr. Traft wrote: "My previous answer to your subpoena sets forth my position. I have made it abundantly clear that I oppose your motion and your efforts to compel me to violate my ethical responsibilities and to invade the attorney-client privilege." A copy of that email is included in the email chain attached as Exhibit A to the Second Declaration of Joshua L. Solomon, filed

herewith ("Second Solomon Declaration"). The previous response to the subpoena that Mr. Traft referenced in his email was provided to the Court on October 21, 2010 with the Motion to Compel, and is also attached to the Second Solomon Declaration as Exhibit B. As Mr. Traft is, at this time, not a party to this action, Mr. Bower submits these materials to the Court to make clear that Mr. Traft opposes the Motion to Compel, notwithstanding his not having filed a formal opposition to the motion, and in the interest of avoiding any further delay with respect to obtaining information that Mr. Traft might possess concerning Mr. Bower's abducted children.

2.  In fact, on November 9, 2010, counsel for Mr. Bower spoke to Mr. Traft to confirm Mr. Traft's position, particularly in light of recently obtained information not available at the time of the Motion to Compel. Mr. Bower's counsel explained that email header information produced by Yahoo! Inc. ("Yahoo!") in response to a subpoena – which included the to, from, cc, and date fields of emails, without disclosing subject or contents of emails – showed significant contact between Mr. Traft and Defendant Mirvat El-Nady in the period surrounding her abduction of Mr. Bower's children.[1] The email header information also demonstrated that not all of Mr. Traft's and Ms. El-Nady's emails were kept within the attorney-client relationship, as some of the messages were copied to Maged El-Nady, Ms. El-Nady's brother. Mr. Bower's counsel also explained that the emails demonstrated that Mr. Traft sometimes used a gmail.com email address for Ms. El-Nady, but that Mr. Bower had not yet received any information about communications to that address, except to the extent such communications were also copied to the Yahoo! address for which header information was now available.

3.  Mr. Traft stated that this information from Yahoo! did not change his position, that the timing of communications did not impact his view of the applicability of the attorney-

---

[1] Yahoo has refused to produce the subjects or content of these emails. Mr. Bower has filed a motion to compel such information from Yahoo.

client privilege, and that he believed that providing any more information in response to the subpoena would violate the attorney-client privilege. Mr. Traft thus continued to rely on the same "blanket" privilege assertion stated in his response to the subpoena. *See* Second Solomon Declaration ¶ 3. While continuing to rely on this response, Mr. Traft has not provided any authority for his refusal to provide a privilege log, any response to the potential applicability of the crime-fraud exception, or any cognizable objection to an *in camera* review of materials.

4. More specifically with respect to the Yahoo! email header information, that information reveals that Ms. El-Nady exchanged at least twenty-six emails with Mr. Traft between July 1, 2009 and August 28, 2010. *See* Summary of Email Headers, Attached as Exhibit C to the Second Solomon Declaration. These communications included three email exchanges the day before the August 11, 2009 abduction and four the day of the abduction. *See id.* The exchanges through Ms. El-Nady's Yahoo email account abruptly ceased approximately two weeks later, but the email headers reveal that Mr. Traft also used another email address for Ms. El-Nady provided by Google, Inc. (which has also been subpoenaed in this action, but which, to date, is refusing to produce responsive materials). *See id.*

5. In his Motion to Compel, Mr. Bower relied in part on the frequency of contact between Mr. Traft and Ms. El-Nady in the period leading up to Ms. El-Nady's abduction of Mr. Bower's children. As noted in the Motion to Compel, because Mr. Traft has refused to provide even a privilege log, the only information available regarding such contact were mobile phone records from Ms. El-Nady's Verizon account. To the extent that Mr. Traft and Ms. El-Nady had additional communications other than those between her mobile phone and his office phone, Ms. El-Nady's fugitive status, and Mr. Traft's refusal to comply with the subpoena served on him, precluded Mr. Bower from learning of the existence of any such additional communications.

Such communications, whether through Ms. El-Nady's Yahoo! email address, gmail address, or otherwise, should be listed on a privilege log as required by Rule 45.

6. Finally, Mr. Traft stated in his November 6, 2010 email that he had not received the mailed hard copies of the Motion to Compel papers. As stated in the certificate of service, the motion papers were mailed to Mr. Traft on October 22, 2010. In addition, Mr. Traft has never denied that he received the electronic copies of those papers sent to him by email on October 21, 2010. *See* Oct. 21, 2010 Email to Mr. Traft, attached to the Second Solomon Declaration as Exhibit D; Nov. 6, 2010 Email to Mr. Traft, Second Solomon Declaration, Exhibit A. Nevertheless, in light of Mr. Traft's claim that he did not receive hard copies of the motion papers, Mr. Bower has, on this date, served Mr. Traft by hand with additional copies of the Motion to Compel and all supporting papers, as well as with this notice.

November 10, 2010

Respectfully submitted,

Colin Bower,
By his attorneys,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO#642064)
Joshua L. Solomon (BBO#657761)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

Lisa G. Arrowood (BBO #022330)
Alexis D'Arcy (BBO #667608)
TODD & WELD LLP
28 State Street
Boston, MA 02109
(617) 720-2626 (phone)
(617) 227-5777 (fax)

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies were sent to Michael Traft by hand on November 10, 2010.

/s/ Joshua L. Solomon