IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R., <br><br>            Plaintiff, <br>   vs. <br><br> Mirvat El-Nady Bower and Egyptair Airlines Company, <br><br>            Defendants, | Civil Action No.: <br><br> 1:10-CV-10405-NG |

## YAHOO! INC.'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY DOCUMENT SUBPOENAS AND TO COMPEL THE DEFENDANT MIRVAT EL-NADY BOWER, TO CONSENT TO THE PRODUCTION OF EMAILS

To gain access to Defendant Mirvat El-Nady's ("El-Nady") stored communications Plaintiff Colin Bower ("Bower") argues in favor of creating an exception to the general prohibition on disclosure of such communications which would permit parties engaged in civil litigation to subpoena stored communications when they belong to other parties or "fugitives" from the jurisdiction of the Court. The Stored Communications Act, 18 U.S.C. § 2701, *et seq* ("SCA"), contains no such exception that would allow production of stored communications pursuant to civil subpoenas without user consent. Plaintiff, however, correctly argues that if the Court orders Ms. El-Nady to consent to production and she does so, Yahoo! Inc. ("Yahoo!") may produce the contents of her email without violating the SCA. A finding that Ms. El-Nady has impliedly consented to production by failing to object, however, may run afoul of the SCA which contains no such "implied consent" provision, and the alternative of ordering sanctions against her under Federal Rule of Civil Procedure 37 for failing to produce responsive

1

documents is a more appropriate remedy than ordering Yahoo! to produce documents in a manner contrary to the SCA's plain text.

## ARGUMENT

### I. Under the SCA, a Civil Litigant Generally Cannot Obtain the Content of Communications Directly from an Electronic Communication Service Pursuant to a Subpoena.

The SCA governs the production of records from electronic communications providers such as Yahoo!. With regard to Internet providers who offer email and other communication services to the public, the SCA provides that:

> A person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage. . . .

18 U.S.C. § 2702(a)(1). The statute defines "'electronic communication service'" as "any service which provides to users thereof the ability to send or receive wire or electronic communications. . . ." 18 U.S.C. § 2510(15). "'[E]lectronic storage' means . . . temporary, intermediate storage . . . incidental to . . . electronic transmission[, or] storage . . . for purposes of backup protection." 18 U.S.C. § 2510(17)(A)-(B). Under applicable Ninth Circuit law, this determination encompasses all stored email. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071 (9th Cir. 2004).

The statute similarly prohibits the disclosure of the contents of all other non-email stored files maintained on behalf of users, providing:

> [A] person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service —
>
> (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;

> (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

18 U.S.C. § 2702(a)(2)-(a)(2)(B). "'[R]emote computing service'" is defined as "provi[ding] to the public . . . computer storage or processing services by means of an electronic communications system . . . ." 18 U.S.C. § 2711(2).

Yahoo! provides its subscribers with a number of ways to communicate with others using electronic communications, including by email, and stores the contents of some of these communications on its servers as directed by the user.[1] As a provider of electronic communication and remote computing services to the public, the SCA regulates Yahoo!'s conduct, and generally bars Yahoo! from divulging the contents of subscriber communications, in any form, pursuant to a civil subpoena.

In *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004), the Ninth Circuit applied the provisions of the SCA to a civil subpoena seeking the disclosure of email messages. *Id.* at 1071. There, as here, a party issued a subpoena to plaintiffs' service provider seeking numerous email messages. *Id.* The service provider, which at the time was not represented by counsel, responded to the subpoena by providing a representative sample of the communications sought. *Id.* When plaintiffs discovered what the service provider had done, they moved to quash the subpoena and sought sanctions. *Id.* The court granted both motions, and plaintiffs subsequently brought a civil suit against counsel for defendant for, among other things, violations of the SCA. *Id.* at 1072. The district court dismissed plaintiffs' SCA claim, but the Ninth Circuit reversed, finding that in spite of the service provider's voluntary disclosure, the defendant's subpoena was

---

[1] Yahoo! does not have access to any content that a user has deleted or chosen not to store.

in clear violation of the SCA and gave the defendant unauthorized access to communications in electronic storage. *Id.* at 1074-75.

## II. No Exceptions to the SCA Allow Production of the Requested Documents Pursuant to a Subpoena *Duces Tecum* Issued by a Civil Plaintiff.

The SCA provides eight exceptions to the bar on disclosure, none of which address the situation where the user is a fugitive or is a party to the litigation that has engaged in any sort of misconduct. In order, they are:

> (1) to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient;
>
> (2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title;
>
> (3) with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service;
>
> (4) to a person employed or authorized or whose facilities are used to forward such communication to its destination;
>
> (5) as may be necessarily incident to the rendition of the service or to the protection of the rights or property of the provider of that service;
>
> (6) to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A;
>
> (7) to a law enforcement agency . . . if the contents . . . were inadvertently obtained by the service provider and . . . appear to pertain to the commission of a crime; . . .
>
> (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay. . . .

*See* 18 U.S.C. § 2702(b)(1)-(8).

None of these exceptions provides a legal basis for the disclosure of contents of communications in response to a civil subpoena, or more specifically, to satisfy a Plaintiff in a civil case when the Defendant has refused to cooperate with discovery, and/or is absent from the

4

jurisdiction.[2] In 2006, the Sixth District of the California Court of Appeals considered the applicability and exclusivity of the SCA exceptions. *O'Grady v. Super. Ct.*, 139 Cal. App. 4th 1423 (2006). In that case, Apple Computer, in response to the publication of allegedly confidential information on an Internet site, subpoenaed one of the publishers' email service providers to obtain evidence establishing the theft of trade secrets. *Id.* at 1437. In response to the subpoenas, the publisher "moved for a protective order to prevent th[is] discovery," which the trial court denied. *Id.* at 1437, 1438. The appellate court reversed, holding that the trial court erred in denying the protective order to the publisher because, among other things, the subpoena violated the SCA. *Id.* at 1451. Apple argued that the subpoena fell under two exceptions to the SCA, but the appellate court rejected both arguments.

First, Apple contended that the publisher's noncompliance with the subpoena would subject it to contempt or other sanctions, so that the publisher's production of the requested items would be "necessarily incident . . . to the protection of the rights or property" of the publishers. *Id.* at 1441 (quoting 18 U.S.C. § 2702(b)(5)). The appellate court rejected this argument as circular, since it presupposed the validity of the subpoena, and the subpoena was not valid in the first instance. *Id.* at 1441 ("A subpoena *is not enforceable* if compliance would violate the SCA.") (emphasis added.) The appellate court also rejected Apple's argument that the SCA contained an implied exception for civil discovery. *Id.* at 1442-43.

The exceptions set forth in the statute are the only exceptions to the general bar on disclosure. The Court, noting the SCA's lengthy list of exceptions and the canon of statutory construction known as *expresio unius exclusio alterius est*, "under which the enumeration of things to which a statute applies is presumed to exclude things not mentioned," concluded that

---

2      Moreover, the records cannot be produced to the trial court for Plaintiff's inspection because the SCA similarly provides no exception allowing disclosure to the court.

the SCA contained no exception for civil discovery. *Id.* at 1442-47. Just as the SCA contains no exception for civil discovery, it contains no exception for civil subpoenas. Rather, as the *O'Grady* court acknowledged, the SCA's prohibitions on service providers reflects Congress' considered choice:

> [I]t would be far from irrational for Congress to conclude that one seeking disclosure of the contents of email, like one seeking old fashioned written correspondence, should direct his or her effort to the parties to the communication and not a third party who served only as a medium and neutral repository for the message.

139 Cal. App. 4th at 1446; *see also Viacom Inter'l, Inc. v. Youtube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (the SCA prohibits disclosure of information pursuant to a civil subpoena because the Act "contains no exception for disclosure of such communications pursuant to civil discovery requests"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL . . . may not divulge the contents of the [] electronic communications . . . because the statutory language . . . does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas). The district court in *Crispin v. Christian Audinger, Inc.*, 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010), adopted this same reasoning, stating "[s]uch an inference cannot be drawn on the basis of statutory silence alone."

### III. The Fact That the Account Holder is Absent Does Not Alter The Analysis

Even without Ms. El-Nady's consent, Plaintiff is not foreclosed from obtaining the communications sent through Ms. El-Nady's Yahoo! account. Rather, the SCA provides that both the sender and the recipient of a message may provide consent for disclosure. Thus, in the absence of Ms. El-Nady's consent, Yahoo! may still be able to provide the requested communications to Plaintiff, provided he obtains consent from the senders or recipients of messages found in Ms. El-Nady's Yahoo! account. In response to previously served legal

6

process, Yahoo! has already provided Plaintiff with all of the information that would be required to identify these individuals and request their consent to the disclosure of these messages. Alternatively, Plaintiff may seek assistance from law enforcement, which may obtain the contents of email messages pursuant to a warrant or a subpoena with prior notice to the user. 18 U.S.C. § 2703(a) & (b).

Moreover, the mere fact that Plaintiff has been unable to contact Ms. El-Nady, the account holder, does not alter the enforceability of Plaintiff's subpoena in light of the SCA. Just as the SCA does not provide an exception for subpoenas issued by civil litigants, it similarly does not contain an exception for producing stored content when the relevant subscriber is unavailable. Just as courts have interpreted the absence of an exception for compelled disclosure in the civil context as "an intentional omission reflecting Congress's desire to protect users' data in the possession of a third-party provider," it would be similarly to infer that Congress' failure to allow civil litigants to access stored communications when the user is simply unavailable to provide consent was deliberate. *Crispin*, 717 F. Supp. 2d at 975.

## IV. Failure to Object to a Subpoena Does not Constitute Implied Consent.

As it has no independent knowledge of the facts surrounding Ms. El-Nady's conduct, Yahoo! takes no position as to whether Ms. El-Nady's actions constitute sanctionable conduct, or whether the fugitive disentitlement doctrine is applicable.[3] Under the SCA, however, if a failure to object to a subpoena served upon a third party after receiving notice of that subpoena constitutes "implied" consent, it would represent a significant new, unwritten exception to the SCA's protections against production of contents of communications pursuant to a civil

---

[3] Plaintiff's counsel has advised Yahoo! that the U.S. Department of Justice is investigating Ms. El-Nady, but Yahoo! has not confirmed whether any charges are pending against her. Additionally, the fugitive disentitlement doctrine is usually invoked to prevent a fugitive from using the courts to receive relief, not to justify discovery sanctions against an absent party. *See e.g., Molinaro v. New Jersey*, 396 U.S. 365. 366 (1970) (declining to adjudicate appellant's criminal appeal where appellant was a fugitive from justice in that case).

subpoena—which by its express terms imposes no such "objection" requirement on subscribers to a communications service. The creation of such an exception is particularly troublesome where, as is the case with Yahoo!, the provider routinely provides its users with notice of a subpoena so that users may interpose their own objection before Yahoo! commences it production of responsive documents.

Plaintiffs are correct that numerous courts have ordered users to consent to production of emails in order to comply with their duties under the Federal Rules of Civil Procedure and that once users provide that consent, Yahoo! must produce documents. As the court in *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008) observed, because parties may consent to production of their stored communications those documents are within their control, and thus subject to their discovery obligations. Yahoo!, however, knows of no case where the court deemed that a defendant's consent could be implied by their failure to comply with an order demanding their consent to the disclosure of their stored communications by a service provider. For instance, in *Thayer v. Chiczewski*, No. 07-C-1290, 2009 U.S. Dist. LEXIS 84176 (N.D. Ill. Sept. 11, 2009), on which Plaintiff relies, the user was not only present, but had expressly consented to production of at least one, and arguably more, emails. Additionally, the user in *Thayer* was the plaintiff, who initiated the litigation and "put at issue his mental state, impressions" contained in responsive emails. *Id.* at *20.

A narrower approach, which does not raise the possibility of conflicting with the SCA may also be available. If Plaintiff reissues his request to Ms. Nady under Federal Rule of Civil Procedure 34, the Court could then sanction Ms. El-Nady under Rule 37 with an adverse inference for the emails that she refuses to produce or alternatively enter a default judgment against her. Either of these remedies would avoid the thorny issues that would be created if the

Court were to create new exceptions the SCA to allow the a civil litigant to demand the production of emails simply because the opposing party is not before the Court and has chosen not to interpose her own objections to a subpoena.[4] *See, e.g., United States v. Palmer*, 956 F.2d 3, 7 (1st Cir. 1992) (stating that a wide range of sanctions are available for a party's discovery misconduct, including entry of a default judgment).

## V.   CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court find that Yahoo! need not comply with Plaintiff's subpoena until Ms. El-Nady provides her consent to production of email content.

s/Hanson S. Reynolds

Hanson S. Reynolds
BBO# 417540
Rackemann, Sawyer, & Brewster
160 Federal Street
Floor 15
Boston, MA 02110-1700
Tel: (617) 542-2300
Fax: (617) 542-7437
hreynolds@rackemann.com

Jacob A. Sommer
*Pro Hac Vice Application forthcoming*
Zwillinger Genetski LLP
1705 N St NW
Washington, DC 20036
Tel: (202) 706-5205
jake@zwillgen.com

---

[4] Indeed, it is likely the threat of such sanctions (and contempt of court) that compels parties to provide their consent when ordered to do so by the court.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as indentified on the Notice of Electronic filings (NEF) and paper copies will be sent to those indicated as non-registered participants on December 3, 2010.

/s/ Hanson S. Reynolds