UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R,<br><br>Plaintiff,<br><br>v.<br><br>MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES COMPANY,<br><br>Defendants. | C.A. No. 1:10-cv-10405-NG |

**MEMORANDUM IN SUPPORT OF GOOGLE'S OPPOSITION TO
PLAINTIFF COLIN BOWER'S MOTION TO COMPEL**

## I.       INTRODUCTION

Plaintiff Colin Bower is trying to discover the content of defendant Mirvat El-Nady's

email account.  Rather than go directly to Ms. El-Nady, Mr. Bower has instead decided to serve

Google, an email service provider, with a third party subpoena seeking Ms. El-Nady's email

content even though federal law prohibits Google from disclosing email content in response to a

civil subpoena.  Google objected to Mr. Bower's subpoena on this ground and has repeatedly

informed Mr. Bower that he can obtain the sought-after email directly from the defendant.

This Court must deny Mr. Bower's motion to compel and order his subpoena withdrawn.

While the federal prohibition on disclosure should be the end of this matter, Google has

explained for the Court's benefit how Mr. Bower can, in compliance with federal law and

without engaging in abusive third party discovery, obtain the discovery he seeks from Ms. El-

Nady, a party to this litigation who has custody and control of the email in her account.

## II.    FACTS

On October 18, 2010, Mr. Bower served a third party civil subpoena on Google seeking (1) all documents, email, and email headers from the Gmail account mirvatnady@gmail.com from July 1, 2009 to the present and (2) all documents associated with any email account registered or used by a list of ten additional people, all of whom have names that seem to be variations of Ms. El-Nady's name.  Exhibit B to Bower's Motion to Compel.[1]

Google objected to the subpoena on October 26, 2010 because the federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, et seq. ("ECPA"),[2] "prohibits Google from disclosing the content of electronic communications pursuant to a civil subpoena."  Exhibit F to Bower's Motion.[3]  As Mr. Bower notes, Google also identified the proper way for him to seek this email content: by directing his discovery request to the account holder who has custody and control of the email content in the account.  *Id.*  Rather than do that, Mr. Bower moved to compel Google's compliance with his subpoena nine days later.  Google now opposes his motion.

## III.    ARGUMENT

**A.    The Court Should Deny Mr. Bower's Motion to Compel Because Federal Law Prohibits Google from Disclosing Email Content in Response to a Civil Subpoena.**

Section 2702(a)(1) of ECPA flatly prohibits electronic communication service providers such as Google from disclosing the content of electronic communications in electronic storage:

> [A] person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service[.]

---

[1] Mr. Bower's motion cites that his subpoena to Google is page five of Exhibit B to his motion, but seems to have inadvertently included it as the sixth page of Exhibit A to his motion.

[2] Mr. Bower refers to 18 U.S.C. §§ 2701, et seq. as the Stored Communications Act ("SCA"), which is part of ECPA. For purposes of this motion, Mr. Bower and Google are referring to the same statute, just by different names.

[3] Google also objected for a number of other reasons and does not waive those objections.

18 U.S.C. § 2702(a)(1).[4]  While Congress provided eight explicit exceptions to this prohibition,

it did not provide an exception for disclosing the content of electronic communications in

response to a civil subpoena.  *See* 18 U.S.C. § 2702(b)(1)-(8) (enumerating the eight exceptions);

*see also* 18 U.S.C. § 2703(a), (b) (providing that only governmental entities can compel

production of electronic communications in electronic storage or in a remote computing service).

Federal and state courts have uniformly held that this prohibition precludes service

providers from producing the content of email and other electronic communications in response

to a civil subpoena.  *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008) (declining

to address whether a service provider must respond to a civil subpoena for content but noting that

"it seems apparent" that it would be unlawful for the provider to do so); *Viacom Int'l Inc. v.*

*YouTube*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (ECPA "contains no exception for disclosure of

[electronic] communications pursuant to civil discovery requests"); *In re Subpoena Duces Tecum*

*to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008) (ECPA prohibits service providers

from disclosing the content of electronic communications "pursuant to civil discovery

subpoenas"); *O'Grady v. Superior Court*, 139 Cal. App. 4, 1423, 1441-48 (2006) (civil subpoena

to a service provider seeking email content is "unenforceable" because ECPA "clearly prohibits

any disclosure of stored email other than as authorized by enumerated exceptions"); *see also*

*Theofel v. Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (third-party civil subpoena to a

service provider seeking email was invalid and void, particularly in light of "legal obligation

[under section 2702(a)] not to disclose [electronic communications] to third parties"); *Crispin v.*

*Christian Audigier, Inc.*, 717 F. Supp. 2d. 965, 974-75 (C.D. Cal. 2010) (pursuant to

---

[4] This prohibition on disclosure applies equally to the contents of any communication which is carried or maintained
on a remote computing service.  18 U.S.C. § 2702(a)(2).

18 U.S.C. § 2703(b) only governmental entities can compel production of the content of

electronic communications from service providers using a subpoena).

This federal prohibition is clear and unambiguous and that should be the end of this

matter.  This Court must deny Mr. Bower's motion to compel and order his subpoena withdrawn.

**B.      Mr. Bower Can Obtain the Email Content He Seeks Directly From Ms. El-Nady in a Way That Complies with Federal Law and Avoids Abusive Third Party Discovery.**

**1.      Rule 34 Provides the Means for Mr. Bower to Obtain Discovery Directly from Ms. El-Nady, the Account Holder and a Party to This Litigation.**

Although federal law prohibits Google from disclosing email content in response to a

subpoena issued under Rule 45, Mr. Bower can use a request for production under Rule 34 to

obtain the email content directly from Ms. El-Nady who is a party to this litigation and who, as a

matter of law, has custody and control of the electronic communications in her email account.[5]

*See Flagg*, 252 F.R.D. at 348, 366-67; *O'Grady*, 139 Cal. App. 4th at 1446.  If necessary, Mr.

Bower can also pursue this civil discovery from Ms. El-Nady abroad.  *See* Hague Convention on

the Taking of Evidence Abroad in Civil and Commercial Matters (March 18, 1970) (establishing

the Letters of Request process to conduct civil discovery abroad, including in Egypt).

**2.      To Allow Discovery to Proceed in a Way That Complies With Federal Law, This Court Should Adopt a Procedure Similar to That in *Flagg*.**

In *Flagg*, the court considered a motion to quash a civil subpoena directed to a third party

service provider and seeking the content of text messages.  *Flagg*, 252 F.R.D. at 348.  Because,

as described above, it would have been unlawful under ECPA for the service provider to comply

with the subpoena, the court ordered the issuing party to "reformulate [the] third-party subpoena

---

[5] Mr. Bower cites *Thayer v. Chiczewski* for the proposition that a Rule 45 subpoena to a third-party service provider is the proper way to compel production of electronic communications, but *Thayer* dealt only with electronic communications that were no longer in the account holder's custody or control.  2009 WL 2957317, at *1 (Sept. 11, 2009).  Google is not briefing whether *Thayer* is good law because Mr. Bower has not suggested that any of the electronic communications he is seeking are outside of Ms. El-Nady's custody and control.

as a Rule 34 request for production directed" to the account holder.  *Id.* at 366.  The court then

ordered the account holder to forward the request for production and consent to the disclosure of

the content to the service provider.  *Id.*  The service provider was then under a court order to

disclose the content pursuant to the lawful consent of the user, one of the eight exceptions to

ECPA's prohibition on disclosure.  *Id.*; 18 U.S.C. § 2702(b)(3).  This solution enables service

providers to comply with ECPA and the parties to proceed with discovery.

This Court should follow a similar procedure here and order (1) Mr. Bower to withdraw

the underlying subpoena and issue a request for production to Ms. El-Nady, (2) Ms. El-Nady to

send an email to Google from her Gmail account(s) attaching the request for production and

consenting to the disclosure of her email content to her or her attorney, and (3) Google to make

the disclosure to Ms. El-Nady or her attorney after it has received Ms. El-Nady's lawful consent.[6]

### 3.      Granting Mr. Bower's Motion to Compel Would Not Only Violate Federal Law but Would Also Constitute Abusive Third Party Discovery.

Mr. Bower argues that electronic communications can be relevant and discoverable in

civil litigation.  Google agrees.  Google disagrees, however, with Mr. Bower's logical leap that

this Court should compel *third party Google* to produce the electronic communications in

response to a Rule 45 subpoena simply because *defendant Ms. El-Nady* has an obligation under

Rule 34 to produce them.  This argument is without merit.  Not only would this violate federal

law, as described above, but it is the epitome of abusive third party discovery.

Seeking information from a third party where the information is available from a party

imposes an undue burden on Google (the third party) and is abusive third party discovery.  Fed.

R. Civ. P. 45(c)(3)(A)(iv); *see also Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 454

---

[6] Google has no knowledge of the facts underlying this litigation, but based on the facts as described in Mr. Bower's motion, this procedure may also need to incorporate a Letter of Request under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.

(E.D.N.C. 2005) (nonparty subpoena was unduly burdensome where information was available

from a party); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 2351769, at *2

(E.D. Mich. July 29, 2009) (granting non-party's motion to quash a subpoena where information

was available from a party); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal. App. 4th. 216,

225 (1997) ("As between parties to the litigation and nonparties, the burden of discovery should

be placed on the latter only if the former do not possess the material sought to be discovered").

Mr. Bower concedes that Ms. El-Nady has the sought-after email content in her custody

and control.  Bower's Motion at 7.  He should pursue discovery of relevant email content directly

from her.  By denying Mr. Bower's motion and adopting the *Flagg* procedure, this Court will not

only allow civil discovery to proceed in compliance with federal law, but will also keep this

litigation where it belongs—between the parties—rather than allowing Mr. Bower to continue to

subject Google and other third parties to improper subpoenas.[7]

> ### 4.     Should Ms. El-Nady Fail to Respond to the Request for Production or a Court Order, Mr. Bower Can Pursue the Full Range of Discovery Remedies.

As *Flagg* and *O'Grady* suggest, withdrawing the third-party subpoena to Google and

requiring Mr. Bower to issue a request for production to Ms. El-Nady places the burden for

litigating this case where it belongs—with the parties.  Then, if Ms. El-Nady fails to respond to

the request for production or to this Court's order that she consent to the disclosure of her email

content, Mr. Bower and this Court will have the full range of discovery remedies against her.

Fed. R. Civ. P. 37(d)(1)(A)(ii), (b)(2)(A)(i)-(vi) (listing sanctions available against a party for

failing to respond to a request for production, including rendering default judgment against the

---

[7] On November 24, 2010, despite Google's objection to the subpoena that is the subject of this motion, Mr. Bower served another civil subpoena on Google seeking the content of a different email account belonging to Bruce Bower.

party or treating the failure to obey as a contempt of court); *see Guex v. Allmerica Fin'l Life*

*Ins. & Annuity Co.*, 146 F.3d 40 (1st Cir. 1998) (affirming sanction of dismissal with prejudice).

Mr. Bower argues that this court should sanction Ms. El-Nady for "failing to participate

in these proceedings" by "deem[ing] her to have impliedly consented" to disclosure of her email

content.  Bower's Motion at 7.  It is clear that this Court can sanction or even enter judgment

against the Defendant, but deeming her to have consented to the disclosure of her email content

is no sanction at all.  Rather, it is an attempt by Mr. Bower to circumvent ECPA and to access

the content of Ms. El-Nady's email in violation of federal law.  In any case, there is no authority

for the proposition that an order deeming consent would constitute sufficient "lawful consent" to

the disclosure so that Google could lawfully make the disclosure under 18 U.S.C. § 2702(b)(3).

**C.      Google is Entitled to Statutory Reimbursement for the Costs of Any Disclosure.**

Should this court adopt the *Flagg* procedure and order Google to produce Ms. El-Nady's

email content pursuant to her lawful consent, Google requests that the Court order Mr. Bower to

reimburse Google for its costs of producing the email and other records.  Google is entitled under

ECPA to seek this reimbursement for its costs of production. 18 U.S.C. § 2706(a) (recipient of

"contents of communications, records, or other information under section 2702, 2703, or 2704 of

this title shall pay to the person or entity assembling or providing such information a fee for

reimbursement for such costs as are reasonably necessary and which have been directly incurred

in searching for, assembling, reproducing, or otherwise providing such information.").

## IV.     CONCLUSION

For these reasons, Google respectfully requests that this Court deny Mr. Bower's motion

to compel and order his subpoena withdrawn.  Should it wish, this Court can in addition order

(1) Mr. Bower to issue a request for production to Ms. El-Nady, (2) Ms. El-Nady to send an

email to Google from her Gmail account(s) attaching the request for production and consenting

to the disclosure of her email content to her or her attorney, and (3) Google to make the

disclosure to Ms. El-Nady or her attorney after it has received Ms. El-Nady's lawful consent.

Respectfully submitted,

Google Inc.,
By its attorneys,

*/s/* Allison D. Burroughs

Allison D. Burroughs
Sarah P. Kelly
NUTTER, McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
Telephone: 617.439.2000
Facsimile: 617.310.9000
aburroughs@nutter.com
skelly@nutter.com

Ryan T. Mrazik
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:   206.359.9000
RMrazik@perkinscoie.com

December 10, 2010

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Google Inc. requests oral argument.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been filed through the CM/ECF system which will send it electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 10, 2010.

/s/ Allison D. Burroughs
Allison D. Burroughs

1974033.1