UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 10-10405-NG |
| MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES, | ) ) ) | |
| Defendants. | ) | |

# **ORDER ON PENDING MOTIONS**

This matter is before the court on the following motions: (1) "Defendant EgyptAir Airlines Company's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Dismiss or Transfer" (Docket No. 16); (2) "Plaintiff's Motion to Compel Response to Subpoena From Michael Traft" (Docket No. 30); (3) "Plaintiff's Motion to Compel Yahoo! and Google to Comply with Third-Party Document Subpoena and to Compel the Defendant, Mirvat El-Nady Bower, to Consent to the Production of Emails" (Docket No. 38); (4) "Bruce Bower's Motion for a Protective Order" (Docket No. 44); and (5) "Bruce Bower's Motion to Quash Subpoena to Third-Party Charter Communications Holding Company, LLC and Charter Communications, Inc." (Docket No. 59). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

1. The plaintiff's motion to compel a response to a subpoena from third-party Michael Traft (Docket No. 30) is ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE. By **February 24, 2011**, Attorney Traft shall produce a privilege log identifying any responsive documents that he is withholding from production pursuant to the attorney-client privilege or the work product doctrine. Additionally, Attorney Traft shall promptly produce any responsive documents for which no privilege is claimed. The motion is otherwise denied without prejudice to the filing of a new motion to compel, based on any objections the plaintiff may have, following the plaintiff's review of the privilege log.

2. Bruce Bower's motion for a protective order (Docket No. 44) is DENIED. The plaintiff may depose Mr. Bower concerning topics that are relevant to this litigation. Additionally, Mr. Bower shall respond to the subpoena <u>duces tecum</u> that was served on him by the plaintiff as follows:

> A. Mr. Bower shall produce any documents that are responsive to paragraphs 1-4 and 8 of the document requests set forth in the subpoena.
>
> B. With respect to the request set forth in paragraph 4, Mr. Bower, as detailed below, shall also take any steps necessary to authorize Charter Communications and Google Gmail to release his email communications to his counsel, who will then complete the document production on behalf of Mr. Bower.
>
> C. With respect to paragraphs 5 and 6 of the document requests set forth in the subpoena, Mr. Bower shall produce all responsive documents for the period from June 1, 2009 through August 31, 2009 for attorneys' eyes only. However, to the extent such records reflect communications with El-Nady, the children, any of El-Nady's

2

    family members or anyone in Egypt, they shall be produced to the plaintiff and his counsel without restriction. Mr. Bower also shall produce records for the time period from September 1, 2009 to the present which reflect communications with El-Nady, the children, any of El-Nady's family members or anyone in Egypt without restriction.

  D. Mr. Bower shall produce any documents that are responsive to paragraph 7 of the document requests set forth in the subpoena for attorneys' eyes only, except that any documents related to Enterprise Rent-A-Car may be viewed by the plaintiff as well.

3. Bruce Bower shall provide the consent necessary to allow Charter Communications and Google Gmail to produce the email communications requested in the subpoenas to Charter and Google to Mr. Bower's counsel, who will then produce the documents responsive to the plaintiff's document requests. Bruce Bower's motion to quash the subpoena to Charter Communications (Docket No. 59) is otherwise DENIED.

4. The parties may supplement their pleadings in connection with EgyptAir's motion to dismiss or transfer venue in order to address whether the service of process on El-Nady is sufficient to support this court's jurisdiction over that defendant.

5. EgyptAir's motion to dismiss or to transfer venue (Docket No. 16) and the plaintiff's motion to compel Yahoo! and Google to comply with a third-party subpoena (Docket No. 38) have been taken under advisement.

                 / s / Judith Gail Dein
                 Judith Gail Dein
                 U.S. Magistrate Judge

DATED: February 11, 2011