UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 10-10405-NG |
| MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL YAHOO! AND GOOGLE TO COMPLY WITH THIRD-PARTY DOCUMENT SUBPOENAS

April 5, 2011

DEIN, U.S.M.J.

### I. INTRODUCTION

This case involves the alleged abduction of plaintiff Colin Bower's ("Bower") minor children, N and R, from their home in Massachusetts to Egypt on August 11, 2009. Bower claims that the abduction was carried out by his former spouse and the children's mother, defendant Mirvat El-Nady Bower ("El-Nady"), and was facilitated by defendant EgyptAir Airlines ("EgyptAir"), which allegedly allowed El-Nady and the children to fly from the United States to Egypt without the plaintiff's permission. By his Amended Complaint, Bower, on his own behalf and as the guardian and legal custodian of N and R, has brought state law claims against both defendants for interference with his custodial relations (Count One), negligent infliction of emotional distress (Count Four), and loss of

filial consortium (Count Six).  He also has brought state law claims against EgyptAir for negligence (Count Two) and against El-Nady for false imprisonment (Count Three) and intentional infliction of emotional distress (Count Five).  El-Nady has not appeared in this action and has not responded to either the original or the amended complaint.

The matter is presently before the court on "Plaintiff's Motion to Compel Yahoo! and Google to Comply with Third-Party Document Subpoena and to Compel the Defendant, Mirvat El-Nady Bower, to Consent to the Production of Emails" (Docket No. 38).  By this motion, Bower is seeking to compel Yahoo! and Google to produce all emails from any and all email accounts registered to El-Nady from July 1, 2009 through the present, in response to subpoenas duly served on these entities pursuant to Federal Rule of Civil Procedure 45.  To the extent El-Nady's consent is required to authorize the production, Bower asks that this court order that El-Nady be deemed to have granted such authority.

While taking no position on the merits of the underlying dispute, Yahoo! and Google have asserted that they are unable to comply with the subpoenas because the requested production is barred by the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. ("SCA").  This court agrees, and, for the reasons detailed herein, the motion to compel is DENIED.  Moreover, this court declines to find that the defaulting defendant impliedly consented to the production of her emails.

## II.  ANALYSIS

The parties agree that both Yahoo! and Google are "electronic communication service" providers and are governed by the SCA. The SCA provides in relevant part that:

> a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service[.]

18 U.S.C. § 2702(a)(1). The statute lists eight explicit exceptions to this prohibition, but does not include in that list responding to a civil subpoena. See 18 U.S.C. § 2702(b)(1)-(8). Rather, pursuant to § 2703, governmental entities may require the disclosure of the contents of customers' electronic communications or subscriber information in the context of ongoing criminal investigations, but no similar authority is granted to civil litigants. In short, "[p]rotecting privacy interests in personal information stored in computerized systems, while also protecting the Government's legitimate law enforcement needs, the Privacy Act creates a zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by 'unauthorized private parties,' S.REP. No. 99-541, at 3 (1986), as reprinted in 1986 U.S.C.C.A.N. 3555, 3557." In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 610 (E.D. Va. 2008).

Faced with this statutory language, courts have repeatedly held that providers such as Yahoo! and Google may not produce emails in response to civil discovery subpoenas. See, e.g., id. at 609-611, and cases cited. Bower does not challenge this conclusion, but argues, instead, that given El-Nady's status as a fugitive, she should be deemed to have

consented to the disclosure of her emails. In the alternative, Bower argues that this court should order El-Nady to consent, and then, if she fails to do so, order that she be deemed to have consented. It is undisputed that if El-Nady authorized the disclosure of her emails, Yahoo! and Google would comply with her request. There also is case law support for a party to proceed by way of a Rule 34 document request to require an opposing party to obtain its own emails from an electronic service provider. See, e.g., Flagg v. City of Detroit, 252 F.R.D. 346, 367 (E.D. Mich. 2008) (in light of SCA, court will not enforce discovery subpoena directed to electronic service provider, but orders plaintiff to file a Rule 34 document request propounded to party). However, the parties have not identified any cases where the court ordered the production of electronically stored documents belonging to a fugitive defendant. This court declines to do so at this time.

As an initial matter, it must be recognized that since Bower has not elected to proceed by way of a Rule 34 document request, the scope of potential sanctions for failure to comply with a discovery order is not before the court.[1] The parties do not seem to dispute that this court could order El-Nady to consent to the production of the emails since they are under her control although maintained by the service provider. See id. at 352-57. Moreover, if El-Nady's unwillingness to participate in the litigation "results in

---

[1] This court does note that the parties have not identified any situation where the court ordered the production of electronically stored information from a provider as a Rule 37 sanction when a party refused to give his or her consent to the production of such information, much less when the party was in default.

non-compliance with a legitimate order of the court respecting pleading, discovery, the presentation of evidence, or other matters, [she] will be exposed to the same sanctions as any other uncooperative party." Degen v. United States, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782, 135 L. Ed. 2d 102 (1996). However, any further analysis as to an appropriate sanction against el-Nady for failure to comply with discovery must await the filing of an appropriate motion.

With respect to Bower's contention that this court should find that El-Nady "consented" to the production of her emails, even assuming, arguendo, that Yahoo! and Google must honor a customer's "implied consent," a proposition on which this court expresses no opinion, there is nothing in El-Nady's actions from which this court can imply an intent to consent to the disclosure of her information. The fact that El-Nady is a fugitive would not, in and of itself, have prevented her from defending this action, or asserting her rights to custody of her children. See, e.g., Walsh v. Walsh, 221 F.3d 204, 216 (1st Cir. 2000) (court refuses to apply fugitive disentitlement doctrine to preclude father, who fled the United States after being charged with crimes of violence, from seeking the return of his children under the Hague Convention); Degen, 517 U.S. at 828, 116 S. Ct. at 1783 (court cannot dismiss civil forfeiture suit and enter summary judgment for the government merely because the defendant was a fugitive in a different, albeit related, criminal proceeding; defendant may defend the forfeiture action). However, El-Nady has not elected to participate in the litigation, and has not sought to make affirmative use of the court system. Therefore, this case is easily distinguishable from

those on which Bower relies, where the courts have found an implied agreement to consent in light of affirmative participation in the judicial process. See, e.g., Thayer v. Chiczewski, No. 07CV1290, 2009 WL 2957317 at *7 (N.D. Ill. Sept. 11, 2009) (where plaintiff had given consent to AOL to divulge at least one email, and "has not indicated that he would object to the disclosure of all relevant emails that it is later determined exist[,]" "the Court presumes that Mr. Thayer – as the Plaintiff who initiated this litigation and put at issue his mental state, impressions, and the reasonableness [of the defendant's actions] – has given his consent to AOL to divulge all responsive emails."). See also Romano v. Steelcase Inc., 30 Misc.3d 426, 428-34, 907 N.Y.S.2d 650, 652-57, 2010 NY. Slip Op. 20388 (2010) (plaintiff in personal injury case ordered, without discussion of implied consent, to provide executed consent and authorization required by operators of Facebook and MySpace to gain access to her records where sites may contain information contradicting her claim of permanent injuries). Nor does there seem to be any contractual or legal basis for concluding that by using her email accounts, El-Nady consented to the disclosure of the contents. Compare Flagg, 252 F.R.D. at 363-65 (City employees may be deemed to have consented to production of their emails by the electronic service provider where employees had been warned that emails were the property of the City and should not be deemed private, and that the emails were likely to be public records subject to disclosure).

This court does not minimize the plaintiff's frustration with the present situation and the fact that El-Nady has elected to ignore these court proceedings. However, based

-6-

on the present record, the SCA precludes Yahoo! and Google from producing the requested emails, and there is no basis for finding that El-Nady consented to the disclosure of her emails. Therefore, plaintiff's motion to compel (Docket No. 38) is DENIED.

                                                     / s / Judith Gail Dein
                                                     Judith Gail Dein
                                                     U.S. Magistrate Judge