UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLIN BOWER, on his own behalf and as the guardian and legal custodian of his minor children, N and R, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 10-10405-NG |
| | ) | |
| MIRVAT EL-NADY BOWER and EGYPTAIR AIRLINES, | ) ) ) | |
| Defendants. | ) | |

**FURTHER ORDER RE: PLAINTIFF'S MOTION THAT
ATTORNEY TRAFT PRODUCE DOCUMENTS**

May 9, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

This court has reviewed the documents produced by Attorney Michael Traft for an *in camera* inspection. Below is the order describing the results of that inspection. As an initial matter, however, this court will address the plaintiff's "Notice Regarding *In Camera* Review of Documents from Michael Traft" (Docket No. 95) whereby the plaintiff has asked the court to confirm that 43 specific documents have been produced. While it appears to this court that these documents have been produced, in many cases the hour of the emails on plaintiff's list do not coincide with those recorded on the documents produced by Attorney Traft. The court cannot determine if the hour as described by the service provider that gave the information to the plaintiff is in the same time zone as the hour recorded on Attorney Traft's copy of the emails. Therefore, this

court will not further delve into whether the documents listed on the plaintiff's "Notice" have been produced to the court.

Further, the plaintiff has expressed concern that the crime-fraud exception may apply to negate any claim of privilege.  See In re Grand Jury Proceedings, 417 F.3d 18, 22 (1st Cir. 2005) (crime-fraud exception to the attorney-client privilege "withdraws protection where the client sought or employed legal representation in order to commit or facilitate a crime or fraud").  Based on this court's review of the documents submitted, the crime-fraud exception has no application to the communications with Attorney Traft.

## II.  ANALYSIS

Seven categories of documents have been produced and will be addressed separately.

**Exhibit A**:  These are letters between Attorney Traft and Mirvat El Nady Bower ("Mirvat") in connection with the Probate Court litigation.  They are privileged and need not be produced.

**Exhibit B**:  These are communications between Attorney Traft and Bruce Bower. This court finds that there was no actual or proposed attorney-client relationship between Attorney Traft and Bruce Bower prior to September 21, 2010.  Therefore, the following documents shall be produced:

        8/25/09      Michael Traft email to Bruce Bower
        8/19/09      Laura Hoyle email to Michael Traft, cc: Barry S. Pollack
        9/3/10       Bruce Bower email to Michael Traft
        9/3/10       Michael Traft email to Bruce Bower

The emails between Bruce Bower and Michael Traft dated September 21, 2010 do not need to be produced.

**Exhibit C**:  These are emails by and between Attorney Traft, Maged El Nady ("Maged"), Mirvat El Nady and Solicitor Hugh Sullivan relating to litigation between Colin Bower, Mirvat El Nady and Nadi International Trade pending in London, England (the "London Litigation").  These documents do not need to be produced on the grounds of joint representation and/or because they are irrelevant to the pending litigation.

**Exhibit D**:  With the exceptions described below, these are emails by and between Attorney Traft and Mirvat, which are privileged, as well as communications similar to those contained in Exhibit C relating to the London Litigation.  These documents do not need to be produced.

There are emails dated August 20, 2009 and August 25, 2009 from Attorney Traft to Mirvat, with a copy to Maged.  It is clear from the contents that the copy to Maged was only to insure that Mirvat received the communication.  I find that under the circumstances, the copy to Maged does not destroy the attorney-client privilege.  Rather, Maged served only as a "communicating agent" through whom the privileged communication was to be conveyed.  See Certain Underwriters of Lloyds v. Fid. & Cas. Co. of N.Y., No. 89C 0876, 1997 WL 769467, at *2 (N.D. Ill. Dec. 9, 1997), and cases cited (unpub. op.); Am. Safety Cas. Ins. Co. v. Waukegan, Ill., No. 07C 1990, 2011 WL 180561, at *2 n.1 (N.D. Ill. Jan. 19, 2011).  See also E. Epstein, The Attorney-Client Privilege & the Work-Product Doctrine at 333 (4th ed.) (ABA 2001) ("When the

convenience of communicating through a third party is so marked . . . it will be deemed sufficient to guard confidentiality and, hence, the privilege"). Therefore, these documents do not need to be produced.

**Exhibit E**: These are emails by and between Attorney Traft and Mirvat, communications similar to those contained in Exhibit C relating to the London Litigation, and copies of communications from Colin Bower to Maged and/or Mirvat. These documents are either privileged and/or irrelevant and do not need to be produced.

**Exhibit F**: These are emails between Attorney Traft and Solicitor Hugh Sullivan relating to the London Litigation and do not need to be produced.

**Exhibit G**: These are emails between Attorney Traft and Julie Ginsburg dated July 7, 2009. These appear to be protected by the work-product doctrine and are, in any event, irrelevant and need not be produced.

### III. SCHEDULE

Any objection by Attorney Traft to producing the documents ordered produced herein shall be filed within seven (7) days of the date of this Order. Any documents ordered produced to which Attorney Traft has no objection shall be produced within fourteen (14) days of the date of this order.

                                                 / s / Judith Gail Dein
                                                Judith Gail Dein
                                                U.S. Magistrate Judge