

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

February 6, 2012

**By ECF**

The Honorable Richard G. Stearns
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

    Re:    <u>Bower v. El-Nady Bower, et al.</u>, C.A. No. 10-10405

Dear Judge Stearns:

    We represent the plaintiff Colin Bower in the above-reference action. We write in response to Your Honor's February 3, 2012 Order concerning plaintiff's motion for a ruling on subject matter jurisdiction. Your Honor's Order directed that we "explain the theory under which Mirvat El-Nady Bower (El-Nady) could be deemed a 'fugitive from justice.'" Please accept this letter in lieu of a more formal submission based on the limited directive in the February 3 Order.

    The Court's statement of agreement with the general principle, adopted by the Seventh Circuit and in a 2005 opinion from this Court, that a fugitive's domicile prior to becoming a fugitive is her domicile for diversity purposes, reinforces plaintiff's concern that EgyptAir could preserve a challenge to this Court's subject matter jurisdiction if it were to lose. Neither party has questioned that Ms. El-Nady became a fugitive in connection with fleeing with Mr. Bower's children. To the contrary, both have expressly taken the position that she is a fugitive. In its Notice of Removal, EgyptAir pleaded that Ms. El-Nady was a "fugitive-at-law." *See* Notice of Removal ¶ 5. Plaintiff's Amended Complaint takes the same position. *See* Amended Complaint ¶ 7.

    The parties' agreement on Ms. El-Nady's status as a fugitive is well founded, particularly given legislative action that expanded the Fugitive Felon Act to apply Unlawful Flight to Avoid Prosecution charges to offenders who commit international child abductions. It is settled federal law that a person in Ms. El-Nady's position is in fact a fugitive, and that she became one upon her abduction of Mr. Bower's children. As the Court noted in its February 3 Order, a person who flees to avoid prosecution or to avoid giving testimony in a criminal action is a fugitive. The Court cited, as an example of that meaning of the term, the definition of "fugitive from justice" contained in 18 U.S.C. § 921(a)(15). The same principle, using language that is substantively identical to § 921(a)(15)'s definition, appears in 18 U.S.C. § 1073. Section 1073 falls within Chapter 49, titled "Fugitives from Justice," and criminalizes the act of fleeing to avoid prosecution (i.e. becoming a fugitive). In relevant part, § 1073 makes it a federal crime to



The Honorable Richard G. Stearns
Page 2
February 6, 2012

> move[] or travel[] in interstate or foreign commerce with intent . . . (1) to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees. . .

Congress has expressly linked this concept of fugitive to the act of abducting a child through interstate or international travel. Specifically, Pub. L. 96-611, § 10, Dec. 28 1980, 94 stat. 3573, states,

> [i]n view of the findings of the Congress and the purposes of sections 6 to 10 of this Act set forth in section 302, *the Congress hereby expressly declares its intent that section 1073 of title 18, United States Code, apply to cases involving parental kidnapping* and interstate or international flight to avoid prosecution under applicable State felony statutes. [emphasis added]

With this backdrop, § 1962 of the United States Attorneys' Manual follows the Congress's direction regarding the meaning of § 1073:

> In the Parental Kidnapping Prevention Act of 1980 (PKPA) (28 U.S.C. § 1738A), Congress expressly stated that Federal action in cases involving interstate flight or retention would be covered under the Unlawful Flight to Avoid Prosecution (UFAP), 18 U.S.C. § 1073. See USAM 9-69.400 et seq. for a general discussion of UFAP warrants, and USAM 9-69.421, which specifically addresses the use of UFAP warrants in felony parental abduction cases. *Parental abduction cases referred to the Federal Bureau of Investigation (FBI) for investigation, where interstate flight or retention exists, will continue to be handled as fugitive matters relative to the abducting parent.* Keep in mind that criminal proceedings relate to the abductor and that the parent needs to pursue civil remedies for return of the child if not made voluntarily. [emphasis added]

Under these well-settled principles, international child abduction makes one a "fugitive" for purposes of federal law.

Consistent with Congress's intent in this regard, federal prosecutors, including those in this District, initially can charge those engaged in international parental kidnapping with violation of 18 U.S.C. § 1073 before expanding charges to include international parental kidnapping in violation of 18 U.S.C. § 1204, thereby obtaining warrants and the ability to flag the offender on Interpol, but without premature resort to more serious charges that could dissuade a voluntary return by the abductor. For example, in another high-profile abduction to Egypt, the United States Attorneys' Office for the District of Massachusetts initially charged Anwar Wissa (the father-abductor in the *Streeter* matter discussed at length in the parties' summary judgment briefs) with a violation of § 1073 under similar circumstances. Wissa took two Massachusetts children to Egypt, departing from Bradley International Airport in Connecticut. By taking the children from their Massachusetts home in violation of their

The Honorable Richard G. Stearns
Page 3
February 6, 2012

mother's parental rights, Wissa committed parental kidnapping (under state law, and upon flying internationally, federal law), from which his flight to Egypt was deemed an Unlawful Flight to Avoid Prosecution, contrary to 18 U.S.C. § 1073.[1] As is usually the case in an international child abduction, no charges were yet pending when he arrived in the foreign country, but he was still deemed a fugitive under 18 U.S.C. § 1073, with the prospect of charges under state law arising before his unlawful flight and under federal law upon that flight. As the criminal complaint and accompanying FBI affidavit against Wissa make clear, Wissa became a fugitive in violation of § 1073 on August 23 and 24, 2001, when he abducted the children, even though kidnapping charges were not brought, and warrants for his arrest were not issued, until August 27, 2001 and August 29, 2001. A copy of the Wissa criminal complaint and supporting affidavit is attached.

When Ms. El-Nady flew from New York to Egypt, she was a fugitive for another reason as well. International child abductions are inherently illegal regardless of whether custody orders exist, *see* 18 U.S.C. § 1204, but even interstate travel with children can amount to a criminal act when doing so violates a custody order. The judgment that resulted from the divorce proceedings between Ms. El-Nady and Mr. Bower expressly prohibited her from removing the children from Massachusetts. She obviously and knowingly violated that prohibition when she fled the state with the children, en route to JFK airport and, eventually, to Egypt. Apart from her violation of anti-kidnapping laws and her unlawful flight to avoid prosecution under 18 U.S.C. § 1073 due to her kidnapping of the children, she was also in violation of the Massachusetts court's divorce judgment. As she knew, such conduct exposed her to serious criminal consequences and contempt (and she has been found in contempt). In March 2008, Ms. El-Nady had already been held in contempt by the Massachusetts court, with the court making clear that she could be incarcerated to compel compliance (*see* attached contempt Order). The past incident involved a less serious violation of the divorce judgment than the one she committed when she left the state with the children on her way to Egypt. Ms. El Nady's flight to Egypt enabled her to avoid prosecution under state parental kidnapping *and* contempt laws.

As the parties have agreed, Ms. El-Nady was and remains a fugitive, since she left Massachusetts with Mr. Bower's children for JFK airport, and since she traveled to Egypt. For diversity purposes, this leaves only the issue whether a fugitive's residence immediately prior to the flight establishes her domicile. Based on the Court's preliminary statement in the February 3 Order, in order to prevent the uncertainty of subject matter jurisdiction in this Court, Plaintiff respectfully requests that the matter be remanded to the state court in which it was initially filed.

---

[1] As mentioned above, 18 U.S.C. § 1204 makes *international* parental kidnapping a federal crime. M.G.L. c. 265, § 26A makes parental kidnapping, whether or not international, a state crime.

The Honorable Richard G. Stearns
Page 4
February 6, 2012

    Please let us know if any further information or filings are required.

                              Respectfully,

                              /s/ Joshua L. Solomon

                              Joshua L. Solomon

                              Direct line: 617 338 2408
                              jsolomon@sandw.com

Enclosures

cc:    Christopher Carlsen, Esq. (via ECF)
        Shalissa Dougherty, Esq. (via ECF)
        Deborah Elsasser, Esq. (via ECF)
        Brian Voke, Esq. (via ECF)

### Certificate of Service

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 6, 2012.

                              /s/ Joshua L. Solomon

# WISSA CRIMINAL COMPLAINT & AFFIDAVIT

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

ANWAR E. WISSA, DOB: 10/15/62
56 Peabody Street
Middleton, MA
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 01M-1065-JGD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __August 23-24, 2001__ in __Essex__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense) move and travel in interstate and foreign commerce with intent to avoid prosecution, custody and confinement under the laws of the Commonwealth of Massachusetts for the crime of parental kidnaping, in violation of M.G.L. c. 265, Section 26A, which crime is a felony under the laws of the Commonwealth of Massachusetts, from which said laws Anwar E. Wissa has fled

in violation of Title __18__ United States Code, Section(s) __1073__.

I further state that I am a(n) __Special Agent, FBI__ and that this complaint is based on the following
                                   Official Title
facts:

   See attached Affidavit of Gerald B. Mohan

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant
GERALD B. MOHAN

Sworn to before me and subscribed in my presence,

__August 30, 2001__   at   __BOSTON, MA__
Date                                City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE              _____
Name & Title of Judicial Officer              Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**REDACTED**

<u>AFFIDAVIT</u>

I, Gerald B. Mohan, Special Agent, Federal Bureau of Investigation ("FBI"), being duly sworn upon my oath, depose and state the following:

1. I have been a Special Agent for approximately 25 years, assigned to the Boston Division of the FBI.

2. The Essex County District Attorney's Office has requested the assistance of the FBI in the location and apprehension of Anwar E. Wissa, Date of Birth:

3. I have conducted an investigation and determined the following:

    a. Cornelia V.R. Streeter (the "mother") and Anwar E. Wissa (the "father" and collectively, the "parents") are the divorced parents of           (DOB:      ) and           (DOB:      ) (collectively, the "children").

    b. The parents have joint legal custody of the children, with the mother having primary physical custody. Visitation is according to a schedule established by a guardian ad litem for the children.

    c. According to the visitation schedule, the father was to receive the children at 5:00 p.m. on Thursday, August 23, 2001. The visitation

       schedule required the father to return the children to the mother's residence at 9:00 a.m., Friday, August 24, 2001.

d. According to information learned, the father received the children as scheduled on August 23, 2001, and immediately took the children to Connecticut, where he leased a private jet and flew with the children to Egypt.

e. On August 24, 2001, when the father was late in returning the children to the mother, the mother contacted local police.

f. On August 27, 2001, the father, Anwar E. Wissa, was charged with the crime of misdemeanor parental kidnaping, in violation of Massachusetts General Law, Chapter 265, Section 26A. On the same date, a warrant was issued by the Ipswich Massachusetts District Court for the arrest of the father. On August 29, 2001, after it was learned that the father had left the Commonwealth of Massachusetts with the children, the father was charged with the crime of felony parental kidnaping, in violation of Massachusetts General Law, Chapter 265, Section 26A, and a second arrest warrant was issued based on that complaint by the Ipswich Massachusetts District Court. Copies of the felony complaint

       and arrest warrant are attached hereto as Exhibits A and B.

   g.   The crime of parental kidnaping (when the offender has taken a child outside of Massachusetts) is a felony under Massachusetts law punishable by a maximum penalty of five years.

   h.   Law enforcement efforts to locate Anwar E. Wissa within the Commonwealth of Massachusetts since that date have been unsuccessful. Information learned, as noted above, suggests that Anwar E. Wissa fled the Commonwealth of Massachusetts, first to Connecticut, and then to Egypt.

5.   Assistant District Attorney John V. Apruzzese has informed me that the Essex County District Attorney will rendite Anwar E. Wissa if he is apprehended in the United States.

6.   Based on the foregoing, and upon my experience and training as a Special Agent of the FBI, I believe probable cause exists to conclude that on or about August 23 and 24, 2001, Anwar E. Wissa did move and travel in interstate and foreign commerce with intent to avoid prosecution, custody and confinement under the laws of the Commonwealth of Massachusetts for the crime of parental kidnaping, in violation of M.G.L. c. 265, §26A, which crime is a felony under the laws of the

Commonwealth of Massachusetts, from which said laws Anwar E. Wissa has fled, in violation of 18 U.S.C. §1073.

_____
GERALD B. MOHAN
Special Agent, FBI
Boston, Massachusetts

Subscribed and sworn before me this 30th day of August 2001.

_____
LAWRENCE P. COHEN
United States Magistrate Judge

| WARRANT | 0140CR 0424 | Trial Court of Massachusetts |
|---|---|---|
| Ipswich | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | Ipswich District Court |

WISSA, ANWAR E
56 PEABODY STREET
MIDDLETON, MA 01949

TO ANY AUTHORIZED OFFICER:
REASON FOR WARRANT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
|  | M | W | 5'08" | 180 | BRO | BRO |

☒ Representation of prosecutor that defendant may not appear unless arrested.
☐ Defendant failed to appear after being summoned to appear.
☐ Defendant failed to appear after recognizing to appear.
☐ Defendant failed to pay court ordered monies in the amount of $_____.
☐ Defendant failed to pay non-criminal motor vehicle fine in the amount of $_____.
☐ Defendant failed to appear for Probation Surrender Hearing
☐ Other:

C.C. # | SOCIAL SECURITY #

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 08/24/2001 | TOPSFIELD |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| CONNELLY, OFC DAVID | TOPSFIELD PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 08/29/2001 | |

COUNT-OFFENSE
1 - 265/26A/B KIDNAPPING & ENDANGER MINOR BY RELATIVE c2

on 08/24/2001, being a relative of _____ a child less than 18 years old, did, without lawful authority, hold or intend to hold such child permanently or for a protracted period, or did take or entice such child from such child's lawful custodian, and did take or hold such child outside this Commonwealth or under circumstances which exposed such child to a risk which endangered such child's safety, in violation of G.L. c.265, §26A. (PENALTY: state prison not more than 5 years; or not more than $5000; or both.)

COUNT-OFFENSE
1 - 265/26A/B KIDNAPPING & ENDANGER MINOR BY RELATIVE c2

on 08/24/2001, being a relative of _____ a child less than 18 years old, did, without lawful authority, hold or intend to hold such child permanently or for a protracted period, or did take or entice such child from such child's lawful custodian, and did take or hold such child outside this Commonwealth or under circumstances which exposed such child to a risk which endangered such child's safety, in violation of G.L. c.265, §26A. (PENALTY: state prison not more than 5 years; or not more than $5000; or both.)

COUNT-OFFENSE

COUNT-OFFENSE

**REDACTED**

A TRUE COPY
ATTEST:

THE COURT HAS ORDERED THAT A ☒ WARRANT ☐ DEFAULT WARRANT ISSUE AGAINST THE ABOVE DEFENDANT  Ex. B

Therefore you are hereby commanded to arrest the above named defendant and bring the defendant forthwith before this court to answer to the offense(s) listed above and to be dealt with according to law.

| FIRST JUSTICE | DATE OF ISSUE | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: SWAN, ALLEN G | 08/29/2001 | |

| CRIMINAL COMPLAINT | 0140C 00424 | Trial Co of Massachusetts |
|---|---|---|
| | | Ipswich District Court |

**DEFENDANT**
WISSA, ANWAR E
56 PEABODY STREET
MIDDLETON, MA 01949

TO ANY JUSTICE OR CLERK-MAGISTRATE
OF THE IPSWICH DISTRICT COURT

| DATE OF BIRTH | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|
| | M | W | 5'08" | 180 | BRO | BRO |

| INCIDENT REPORT # | SOCIAL SECURITY # |
|---|---|
| | |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below.

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 08/24/2001 | TOPSFIELD |

| COMPLAINANT | POLICE DEPARTMENT |
|---|---|
| CONNELLY, OFC DAVID | TOPSFIELD PD |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 08/29/2001 | Warrant |

**COUNT-OFFENSE**
1. 265/26A/B KIDNAPPING & ENDANGER MINOR BY RELATIVE c2

on 08/24/2001, being a relative of _____ a child less than 18 years old, did, without lawful authority, hold or intend to hold such child permanently or for a protracted period, or did take or entice such child from such child's lawful custodian, and did take or hold such child outside this Commonwealth or under circumstances which exposed such child to a risk which endangered such child's safety, in violation of G.L. c.265, §26A. (PENALTY: state prison not more than 5 years; or not more than $5000; or both.)

**COUNT-OFFENSE**
2. 265/26A/B KIDNAPPING & ENDANGER MINOR BY RELATIVE c2

on 08/24/2001, being a relative of _____ a child less than 18 years old, did, without lawful authority, hold or intend to hold such child permanently or for a protracted period, or did take or entice such child from such child's lawful custodian, and did take or hold such child outside this Commonwealth or under circumstances which exposed such child to a risk which endangered such child's safety, in violation of G.L. c.265, §26A. (PENALTY: state prison not more than 5 years; or not more than $5000; or both.)

**COUNT-OFFENSE**

**REDACTED**

**COUNT-OFFENSE**

**A TRUE COPY ATTEST:**

*[signature]*

| COMPLAINANT | SWORN TO BEFORE CLERK-MAGISTRATE | ON (DATE) | TOTAL COUNTS |
|---|---|---|---|
| X *[signature]* | *[signature]* | 8/29/01 | 2 |

| FIRST JUSTICE | COURT ADDRESS |
|---|---|
| Hon. ALLEN G SWAN | Ipswich District Court |
| | South Main Street |
| A TRUE CLERK-MAGISTRATE/ASST. CLERK COPY ATTEST: X | ON (DATE) | P.O. Box 246 |
| | | Ipswich, MA 01938 |

EX. A

# CONTEMPT JUDGMENT

**Commonwealth of Massachusetts**
**The Trial Court**

__Suffolk__ Division   Probate and Family Court Department   Docket No. _05D1508_ _DU_

~~Order~~ — Judgment on Complaint for Contempt

filed on _3/13/08_

_Colin Bower_, Plaintiff

v.

_Mirvat E/Mady Bower_, Defendant

I. After hearing, it is adjudged that the defendant is:

☐ NOT GUILTY of Contempt of this Court.

☒ GUILTY of contempt of this court for having wilfully:

☐ A. neglected and refused to pay child support/alimony, the arrearage of which is fixed at

$_____

☐ B. neglected and refused to pay health insurance premiums for the plaintiff and/or unemancipated child(ren)

☐ C. neglected and refused to pay medical bills of the plaintiff/child(ren) in the amount of

$_____

☐ D. neglected and refused to allow the plaintiff visitation with the minor child(ren) on

_____

_____

☐ E. neglected and refused to report to the Family Service Office regarding his/her job seeking efforts.

☐ F. neglected and refused to pay the attorney fees owed to the plaintiff's attorney in the amount of

$_____

☒ G. neglected and refused to _COOPERATE WITH THE SALE OF THE LONDON FLAT._

II. It is ordered that:

☐ A. The defendant shall pay child support of $_____ weekly/monthly to the — Massachusetts Department of Revenue — plaintiff by wage assignment.

☐ B. The defendant shall pay alimony of $_____ weekly/monthly to the — Massachusetts Department of Revenue — plaintiff by wage assignment.

☐ C. The defendant shall pay $_____ weekly/monthly to the — Massachusetts Department of Revenue — plaintiff, by wage assignment, towards the arrearage of $_____.

☐ D. Any time the wage assignment is not in effect, or is in effect for less than the full amount ordered, payment of the difference between the amount ordered and the amount withheld from the defendant's wages shall be made directly by mail, payable to the Commonwealth of Massachusetts, and mailed to:

DOR/CSE
P.O. Box 55140
Boston, MA 02205-5140

(OVER)

☐ E. the parties shall comply with the stipulation dated _____ which is incorporated and merged into this order/judgment.

☐ F. The defendant is ordered to apply for employment to at least _____ employers each week and to report in person each week to the Family Service Office of this court with the name, address and telephone number of each employer to which application was made together with a copy of each application or other proof of each application having actually been made. **VIOLATION OF THIS PARAGRAPH MAY BE DEEMED A CRIMINAL CONTEMPT OF COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO SIX MONTHS.**

For any week in which the defendant has not reported in person to the Probation Department of this court on or before Friday at 4:00 p.m., pursuant to the above paragraph, the defendant shall appear before the court for a hearing on the following Tuesday at 9:00 a.m. Failure to appear may result in issuance of a capias for the defendant's arrest.

The defendant shall report on each _____ at _____. If that day is a holiday
                                    day of week          time of day
and the court is closed, then the defendant shall report on the next day that the court is open. If a situation arises that prevents the defendant from reporting in person to the Probation Department with the list of applications made, the defendant shall notify the assigned Probation Officer immediately.

The defendant shall immediately notify the assigned Probation Officer when employment is obtained, including the employer's name, address and telephone number, the name of the contact person, the hourly or weekly wages, and the number of hours per week of work expected.

☐ G. the defendant shall pay attorney fees in the amount of $_____ and the cost of service of process which was necessary on this complaint in the amount of $_____, payment to be made on or before _____.

☒ H. _MR. BOWER SHALL HAVE SOLE AUTHORITY TO CONDUCT THE SALE OF THE LONDON FLAT._

Suffolk, s.s.                          Probate Court
                  MAR 19 2008
              A true copy, Certified:

              _Richard Jarrell_
                                    Register

III. It is further ordered that:

☒ A. the defendant be committed to jail for _UNTIL COMPLIANCE, WHICH WAS OBTAINED AFTER HEARING._ ~~days until he/she shall purge him/herself of said contempt by payment of $_____ OR until further order of the Court OR until he/she be otherwise discharged by due course of law and that a mittimus issue accordingly.~~

☐ B. this sentence be suspended until _____.

☐ C. this matter is continued to _____.

☐ D. this contempt is continued generally to monitor compliance with these orders and may be brought forward by motion with notice. If the defendant hereafter receives notice of a hearing on a motion in this contempt action, the defendant shall attend the hearing on the date and at the time specified in the notice. Failure to attend may result in issuance of a capias for the defendant's arrest.

Date  3/19/08                                        _E. Chouteau Merrill_
                                                     E. CHOUTEAU MERRILL
(SPC 6/03)                                    JUSTICE OF THE PROBATE AND FAMILY COURT